UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MURPHY'S ENTERPRISES, INC., | 1:16-cv-784-LJO-SAB |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (Doc. 5) |
| v. | |
| FINELINE INDUSTRIES, LLC, | |
| Defendant. | |

## **I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Mike Murphy's Enterprises, Inc. ("MMEI") owns United States Patent No. 6,234,099 ("the '099 Patent"), which MMEI claims Defendant Fineline Industries, LLC ("Fineline") has infringed. Doc. 1, Complaint ("Compl."), at 5. MMEI claims Fineline makes boats, known as the "Supreme" and "Centurion" models, that "come within the scope of at least one claim of the '099 Patent, and/or that comes within a range of equivalents of at least one claim of the '099 Patent, and/or contribut[e] to the infringing activities of others in the form of their use of the Supreme and/or Centurion boats having systems within the scope of at least one claim of the '099 Patent." *Id.* at ¶ 16. Because MMEI asserts this conduct infringes the '099 Patent, MMEI brings one claim for patent infringement under 35 U.S.C. §§ 271 et seq. *Id.* at 5-6.

Fineline moves to dismiss the claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Doc. 5. Fineline asserts MMEI's complaint fails to provide any facts as to how Fineline has allegedly infringed the '099 Patent. *See* Doc. 5-1 at 3.

## III. STANDARD OF DECISION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and

---

[1] The following facts are drawn from Plaintiff's complaint and are assumed as true for purposes of Defendant's motion. *See Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint...may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562; *see also Starr*, 652 F.3d at 1216 ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief").[2]

## IV. ANALYSIS

MMEI's complaint is woefully insufficient to state a claim for patent infringement. MMEI

---

[2] The parties correctly agree that the *Twombly*/*Iqbal* pleading standards apply to MMEI's patent infringement claim pursuant to the recent amendments to the Federal Rules of Civil Procedure, effective December 1, 2015, which abrogated the previously applicable pleading standards. *See Howard v. Ford Motor Co.*, No. 1:16CV127-LG-RHW, 2016 WL 4077260, at *2 (S.D. Miss. July 29, 2016).

provides no facts to explain in any detail how Fineline allegedly infringed the '099 Patent. MMEI simply alleges that Fineline's products did so without any explanation. "Merely naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the 'plausibility' standard set forth in *Twombly* and *Iqbal*." *Medsquire LLC v. Spring Med. Sys., Inc.*, No. 2:11-cv-4504-JHN-PLA, 2011 WL 4101093, at *3 (C.D. Cal. Aug. 31, 2011). MMEI's patent infringement claim therefore fails. MMEI's opposition—the substance of which is two paragraphs long and makes no argument beyond stating in a wholly conclusory manner that MMEI has stated a patent infringement claim—does not alter this conclusion.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS WITH LEAVE TO AMEND Fineline's motion to dismiss (Doc. 5). MMEI shall file any amended complaint on or before September 4, 2016. This Court is giving MMEI one time to file an adequate amended pleading. Failure to read the law that is cited will not be grounds to have a third bite of the legal apple.

IT IS SO ORDERED.

Dated:   **August 4, 2016**          /s/ Lawrence J. O'Neill
                                                       UNITED STATES CHIEF DISTRICT JUDGE