# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MURPHY'S ENTERPRISES, INC., | 1:16-cv-784-LJO-SAB |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO STAY (Doc. 17) AND PLAINTIFF'S MOTION TO STRIKE (Doc. 18) |
| v. | |
| FINELINE INUDSTIRES, LLC, et al., | |
| Defendants. | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to

1

1    reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

2    ## II. INTRODUCTION

3    Currently before the Court is Defendant Fineline Industries, LLC's ("Fineline LLC") motion to

4    stay this case pending resolution of Plaintiff Mike Murphy's Enterprises, Inc.'s ("MMEI") parallel state

5    court action. Doc. 17. MMEI opposes. Doc. 20. The Court took the matter under submission on the

6    papers. Doc. 23. For the following reasons, the Court GRANTS Fineline LLC's motion to stay DENIES

7    AS MOOT MMEI's motion to strike.

8    ## III. FACTUAL AND PROCEDURAL BACKGROUND[1]

9    This is a patent infringement case. MMEI, a California corporation, is owner via assignment of

10   U.S. patent 6,234,099 ("the '099 patent"). FAC at ¶¶ 13, 26. In 2010, Fineline Industries, Inc. ("Fineline

11   Inc."), a California corporation, entered into a license agreement with MMEI that permitted Fineline Inc.

12   to use the '099 patent for its products ("the 2010 license agreement"). Doc. 17-2, State Court Complaint

13   ("SCC"), at ¶ 3. The agreement required, among other things, royalty payments and that any change of

14   majority control in Fineline Inc. to be agreed to by MMEI in writing. *Id.*  In 2015, Fineline Inc.

15   converted into a Florida LLC—Defendant Fineline LLC. Fineline LLC continued to use the 2010

16   license agreement as a successor to Fineline Inc. At some point after December 2015, MMEI terminated

17   the 2010 license agreement, arguing that Fineline Inc. had breached it. Doc. 16 at ¶ 7.

18   On June 6, 2016, the same day MMEI filed this suit, MMEI filed suit in state court against

19   Fineline Inc. and Fineline LLC for, among other things, breach of contract and breach of the covenant of

20   good faith and fair dealing. *See* SSC at 1. MMEI alleges that Fineline LLC was an "unauthorized

21   successor" to the 2010 license agreement and therefore impermissibly used the 2010 license agreement.

22   *See id.* at ¶¶ 13-14. MMEI further alleges that Fineline LLC "should be held to perform the terms of the

23   [2010 license agreement]," which it breached in numerous ways and Fineline. *Id.*

24

25   [1] For purposes of this motion, the Court assumes the truth of MMEI's allegations contained in its First Amended Complaint ("FAC"), Doc. 15, and its complaint in the state court case.

1         In this case, MMEI claims that Fineline LLC infringed on the '099 patent. Fineline LLC

2 contends it could not have infringed on the patent because it was granted a license to it under the 2010

3 licensing agreement. *See* Doc. 16 at 6; Doc. 22 at 3.Shortly after MMEI filed these cases, Fineline LLC

4 re-acquired a license to the '099 patent through one of the inventors of the patent and his company. Doc.

5 17-3 at 3.

6         Fineline LLC now moves to stay the case, contending that the state court will resolve definitively

7 the issue of whether Fineline LLC properly assumed and used the 2010 licensing agreement from

8 Fineline Inc. Fineline LLC asserts that if the state court rules in its favor, then it could not have breached

9 the '099 patent at any time. If that is established, then Fineline LLC has a complete defense to MMEI's

10 patent infringement claims in this case.

### IV. <u>STANDARD OF DECISION</u>

12         "A district court has discretionary power to stay proceedings in its own court under *Landis v.*

13 *North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir.

14 2005). The Ninth Circuit has instructed that in determining whether to grant a stay, "the competing

15 interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc.*

16 *v. Hall*, 300 F.2d 265, 268. These interests include:

17     the possible damage which may result from the granting of the stay, the hardship or equity which
    a party may suffer in being required to go forward, the orderly course of justice measured in
18     terms of the simplifying or complicating  of issues, proof, and questions of law which could be
    expected to result from a stay.

19
*Id.*

20
        "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required

21
to go forward, if there is even a fair possibility that the stay for which he prays will work damage to

22
someone else." *Landis*, 299 U.S. at 255.

23
### V. <u>ANALYSIS</u>

24
        The Court notes at the outset that MMEI's opposition, the substance of which is approximately

25

1   three pages, is almost incoherent at times. Nonetheless, the Court has attempted to distill MMEI's

2   arguments and understanding of the facts.

3          MMEI does not and cannot dispute that a threshold issue the court will have to decide in

4   MMEI's state court case is whether Fineline LLC assumed Fineline Inc.'s licensure rights to the '099

5   patent under the 2010 licensing agreement after its corporate restructuring. Although MMEI contends in

6   this case that Fineline LLC "DOES NOT and NEVER HAS HAD a license with MMEI to its patented

7   technology," Doc. 20 at 3 (emphasis in original), MMEI's breach of contract claim is premised entirely

8   on its assertion that Fineline LLC is bound by 2010 licensing agreement. *See* SCC at ¶¶ 13-14.

9   Likewise, its claim for breach of the covenant of good faith and fair dealing asserts "*Defendants* unfairly

10  interfered with [MMEI's] right to receive the benefits of the [2010 license agreement] by *their* breaches

11  of [it]." *Id.* at ¶ 21. Those contentions, though contradicting MMEI's position in this case, necessarily

12  imply that Fineline LLC assumed Fineline Inc.'s licensing rights to the '099 patent. If the state court

13  finds that Fineline LLC did assume those rights—and was therefore licensed to sell its products that use

14  the '099 patent at all relevant times—then MMEI's patent infringement claims in this case fail.

15         This alone justifies staying the case. As the Ninth Circuit has explained:

16     A trial court may, with propriety, find it is efficient for its own docket and the fairest course for
       the parties to enter a stay of an action before it, pending resolution of independent proceedings
17     which bear upon the case . . . . In such cases the court may order a stay of the action pursuant to
       its power to control its docket and calendar and to provide for a just determination of the cases
18     pending before it.

19  *Leyva v. Certified Grocers of Calif., Inc.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

20         The only discernible argument MMEI provides that validly suggests a stay is inappropriate is

21  that it will be prejudiced if prevented from seeking injunctive relief against Fineline LLC's alleged

22  infringement of the '099 patent during the pendency of the stay. *Lopez v. Am. Express Bank, FSB*, No.

23  CV 09-7335 SJO (MANx), 2010 WL 363775, at *5 (C.D. Cal. Sept. 17, 2010) (noting possibility that

24  granting stay will harm the plaintiffs because they sought injunctive relief for ongoing violations of the

25  law); *cf. Lockyer*, 398 F.3d at 1110. But MMEI does not address, much less refute Fineline LLC's

                                                    4

1  argument that MMEI would not be entitled to any injunctive relief because it obtained a license to use

2  the '099 patent in July 2016 and, accordingly, could not currently be infringing on the '099 patent. Even

3  if this were not true, MMEI may be remedied with monetary damages. *See Carney v. Verizon Wireless*

4  *Telecom, Inc.*, No. 09cv1854 DMS, 2010 WL 3058106, at \*3 (S.D. Cal. Aug. 2, 2010)

5       Simply put, there is no reason why this case should not be stayed. If it is not stayed, both this

6  Court and the state court would be required to decide the threshold issue of whether Fineline LLC

7  assumed the licensure rights to the '099 patent that Fineline Inc. obtained under the 2010 licensing

8  agreement, which would risk conflicting decisions on questions of law and would waste judicial

9  resources. *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952) (conserving

10  judicial resources justified stay in patent case subject to dual litigation). Once that issue is decided, this

11  case can proceed in a more narrowly focused, efficient manner.

12  **VI. <u>CONCLUSION AND ORDER</u>**

13       For the foregoing reasons, Fineline LLC's motion to stay is GRANTED. Doc. 17.  MMEI's

14  motion to strike is DENIED AS MOOT. Doc. 18.

15

16  IT IS SO ORDERED.

17     Dated:   **October 31, 2016**                 **/s/ Lawrence J. O'Neill**

                                           UNITED STATES CHIEF DISTRICT JUDGE

18

19

20

21

22

23

24

25