1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| MIKE MURPHY'S ENTERPRISES, INC., | Case No.  1:16-cv-00784-JLT-SAB |
| Plaintiff, | ORDER GRANTING MOTION FOR WITHDRAWAL AS COUNSEL FOR PLAINTIFF |
| v. | |
| FINELINE INDUSTRIES, LLC, | ORDER DIRECTING PLAINTIFF TO ACQUIRE NEW REPRESENTATION AND FILE A NOTICE OF APPEARANCE BY NEW COUNSEL |
| Defendant. | |
| | (ECF No. 72) |
| | **DEADLINE: THIRTY DAYS** |

11
12
13
14
15
16
17
18

19    Currently before the Court is a motion by counsel Alan Heimlich to withdraw as counsel

20  of record for Plaintiff Mike Murphy's Enterprises, Inc. ("Plaintiff").  (ECF No. 72.)  Having

21  considered Mr. Heimlich's motion, the declaration attached thereto, the information presented by

22  the parties at the February 21, 2024 hearing, as well as the Court's file, the motion to withdraw

23  as counsel shall be granted.

24                                                    **I.**

25                                         **BACKGROUND**

26    On June 6, 2016, Plaintiff filed this action alleging patent infringement.  (ECF No. 1.)

27  On July 18, 2016, Defendant filed a motion to dismiss.  (ECF No. 5.)  On August 5, 2016, then-

28  assigned District Judge O'Neill granted Defendant's motion with leave to amend.  (ECF No. 13.)

1    On September 1, 2016, Plaintiff filed its first amended complaint.  (ECF No. 15.)  On September

2    15, 2016, Defendant filed its answer and counterclaim against Plaintiff alleging breach of patent

3    license agreement.  (ECF No. 16.)  Plaintiff filed its answer on October 6, 2016.  (ECF No. 19.)

4         On September 29, 2016, Defendant filed a motion to stay this action pending resolution

5    of Plaintiff's parallel state court breach of license action involving the same parties.  (ECF No.

6    17.)  On October 31, 2016, then-assigned District Judge O'Neill granted the stay.  (ECF No. 26.)

7         On January 16, 2024, Mr. Heimlich filed a motion to withdraw as attorney for Plaintiff.

8    (ECF No. 22.)  Defendant does not oppose the motion.  The Court held a hearing in this matter

9    on February 21, 2024 to clarify Mr. Heimlich's motion and obtain information regarding the

10   status of this stayed case.  (ECF No. 75.)  Alan Heimlich appeared via video on behalf of

11   Plaintiff and Matthew Quall appeared via video on behalf of Defendant.  (Id.)

## II.

## LEGAL STANDARD

14        Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar

15   of California, and the Local Rules for the United States District Court, Eastern District of

16   California.  See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-

17   CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

18        The California Rules of Professional Conduct provide that if the rules of a court require

19   permission for an attorney to withdraw, the attorney may not withdraw from employment in a

20   proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  In addition,

21   counsel must take reasonable steps to avoid prejudicing the rights of the client, including

22   providing notice, allowing time for the client to employ other counsel, and complying with

23   applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d).

24        The Local Rules provide that an attorney who has appeared on behalf of a client may not

25   withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion,

26   along with notice to the client and all other parties who have appeared.  L.R. 182(d).  The

27   attorney is also required to "provide an affidavit stating the current or last known address or

28   addresses of the client and the efforts made to notify the client of the motion to withdraw."  Id.

1    Likewise, California's Rules of Court require notice of a motion to withdrawal to be served on

2    the client and other parties who have appeared in the action.  Cal. R. Court 3.1362(d).

3         It is within the Court's discretion whether to grant withdrawal.  L.S. ex rel. R.S., 2012

4    WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009

5    U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)).  "Factors the Court may consider

6    include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3)

7    harm caused to the administration of justice, and (4) delay to the resolution of the case caused by

8    withdrawal."  Id.  Additionally, "[l]eave to withdraw may be granted subject to such appropriate

9    conditions as the Court deems fit."  L.R. 182(d).

10                                            **III.**

11                                       **DISCUSSION**

12        Mr. Heimlich first moves to withdraw pursuant to California Rule of Professional

13   Conduct 1.16(b)(4), which allows for withdrawal when a client's conduct "renders it

14   unreasonably difficult for the lawyer to carry out the representation effectively.  Mr. Heimlich

15   asserts he can no longer represent Plaintiff effectively because Plaintiff has filed a malpractice

16   lawsuit against Mr. Heimlich and his firm.  (ECF No. 72-2 at 1-2.)  Mr. Heimlich also moves to

17   withdraw pursuant to California Rule of Professional Conduct 1.16(b)(5), which allows for

18   withdrawal when "the client breaches a material term of an agreement with, or obligation to, the

19   lawyer relating to the representation."  Mr. Heimlich contends Plaintiff has breached a material

20   monetary term of an agreement and obligation to Mr. Heimlich.  (ECF No. 72-2 at 2.)  Finally,

21   Mr. Heimlich moves to withdraw pursuant to California Rule of Professional Conduct

22   1.16(b)(6), which allows for withdrawal when the client "knowingly and freely assents to

23   termination of the representation."  Mr. Heimlich proffers that Plaintiff has consented to Mr.

24   Heimlich's withdrawal. (ECF No. 72-2 at 2.)

25        Mr. Heimlich attempted to have Plaintiff execute a substitution of counsel, but Plaintiff

26   indicated it has not obtained new counsel.  (Id.)  Mr. Heimlich represents that he served the

27   motion on Plaintiff's president, Michael Murphy of Mike Murphy's Enterprises, Inc., located at

28   30084 Red Barn Pl in Canyon Lake, California 92587.  (Id.)  Mr. Heimlich represented he also

                                              3

1    served the motion on Plaintiff's email address: michaelskykle@yahoo.com.  (Id.)

2         Absent any evidence or argument to the contrary, the Court concludes Plaintiff's

3    malpractice lawsuit and its breach in a material term of its agreement with Mr. Heimlich have

4    made it unreasonably difficult for Mr. Heimlich to proceed as counsel. Further, counsel for

5    Defendant informed the Court that Defendant did not oppose the withdrawal and Mr. Heimlich

6    represented that Plaintiff consents to the withdrawal.  Given the case is stayed pending resolution

7    of the state court action, granting the requested withdrawal would not cause any harm to other

8    litigants or further delay the administration of justice.   Accordingly, based upon the

9    representations by Mr. Heimlich in both his motion and at the February 21, 2024 hearing, the

10   Court finds sufficient grounds to allow for Mr. Heimlich to withdraw from representation in this

11   matter.

12        However, as discussed at the hearing, granting the motion would leave Plaintiff, a

13   corporation, without counsel.  "[A] corporation may appear in the federal courts only through

14   licensed counsel."  Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993).  This Court's

15   Local Rule 183(a) specifically provides that "[a] corporation or other entity may appear only by

16   an attorney."   Granting the instant motion would therefore place Plaintiff in immediate violation

17   of Local Rule 183(a).  In a joint status report filed subsequent to Mr. Heimlich's motion to

18   withdraw, the parties proffer that Plaintiff is represented by counsel in the parallel state court

19   action. (ECF No. 74 at 2.)  Mr. Heimlich represents that he contacted Plaintiff's "new counsel,"

20   Macy Wilens and Jeffrey Willens of Lakeshore Law Center, for an update on the state case, but

21   "they refused to provide status of the case other than a cryptic 'the matter is settling. A

22   settlement agreement is being drafted.' "  (Id.)  Counsel for Defendant proffered at the hearing

23   held on the instant motion that the state court action has recently resolved and one of the terms of

24   the state court settlement is the dismissal of the instant matter.  The Court advised that counsel

25   for Plaintiff must make an appearance in the instant action due to Local Rule 183(a)'s bar on

26   corporations appearing *in propria persona* and to file a stipulation of dismissal.

27   / / /

28   / / /

## IV.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  Counsel Alan Heimlich's motion to withdraw as counsel of record for Plaintiff Mike Murphy's Enterprises, Inc. (ECF No. 74) is GRANTED;

2.  Mr. Heimlich is ordered to serve a copy of this order on Plaintiff via email and shall provide the Court with a declaration indicating proof of service;

3.  The Clerk of the Court is DIRECTED to terminate Alan Heimlich of Heimlich Law, PC as attorney of record for Plaintiff Mike Murphy's Enterprises, Inc. in this action;

4.  The Clerk of the Court is DIRECTED to serve this order on Plaintiff Mike Murphy's Enterprises, Inc. at its last known address, 30084 Red Barn Pl, Canyon Lake, CA 92587; and

5.  Because Plaintiff is a corporate entity and not an individual, it is barred from appearing *in propria persona*. Plaintiff therefore has **thirty (30) days** from the entry of this Order to obtain counsel and file a notice of appearance by new counsel. **Plaintiff is cautioned that if it fails to obtain new counsel and have counsel file a notice of appearance in this Court within thirty (30) days, the undersigned will recommend that this action be dismissed**.

IT IS SO ORDERED.

Dated:   **February 23, 2024**

UNITED STATES MAGISTRATE JUDGE

5